NO. 12-01-00256-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KAYLA ADAIR,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

PER CURIAM


 Kayla Adair appeals her conviction for burglary of a habitation. After finding her guilty, the
jury assessed a sentence of sixty years of imprisonment. In a single issue, Appellant asserts a
violation of her constitutional right to confront a witness testifying against her. We affirm the trial
court's judgment.

 Tony and Melinda May owned a mobile home parked on land leased from John Cook, who
lived nearby. Appellant lived with Cook from November 1999 until January 2000. Cook introduced
her to the Mays. On May 16, 2000, Appellant broke into the Mays' home and was arrested at the
scene. She had been driven there by Noble Johnson, Jr., who was also arrested for burglary of a
habitation. The burglary charge against Johnson was dropped due to lack of evidence. However,
at the time of his arrest, Johnson was in possession of a controlled substance and was charged with
that offense. He pleaded guilty and was placed on deferred adjudication probation for possession
of cocaine. Johnson was on deferred adjudication probation at the time of Appellant's trial. The 
State called Johnson to testify in its case against Appellant. The trial court would not allow defense
counsel to question him about the possession case or reveal to the jury Johnson's status as a
probationer because Johnson had not been convicted in that case.

 In her sole issue, Appellant asserts the trial court erred in refusing to allow her to confront
and cross-examine Johnson regarding the possession case in violation of her rights under the Sixth
Amendment to the United States Constitution and article one, section ten of the Texas Constitution.
She argues that she should have been permitted to cross-examine Johnson on the status of his
deferred adjudication probation to show a potential motive, bias, or interest to testify for the State
and to establish a basis for an inference of undue pressure because of his vulnerable status as a
probationer.

 While Appellant states that she is relying on both the federal and Texas Constitutions, she
has not briefed her claim regarding her federal constitutional rights separately from her claim
regarding her state constitutional rights. See O'Hara v. State, 27 S.W.3d 548, 550 n.9 (Tex. Crim.
App. 2000). Her cited authority involves only the Sixth Amendment. Appellant offers no reason
for construing the Texas Constitution as conferring greater protection in this area of the law than the
federal constitution. Failing to provide a rationale for interpreting the state constitution more broadly
than the federal constitution will forfeit error on the state ground. Black v. State, 26 S.W.3d 895,
896 n.4 (Tex. Crim. App. 2000). Therefore, we will not consider whether there has been a violation
of article one, section ten of the Texas Constitution.

 The Confrontation Clause of the Sixth Amendment of the United States Constitution
guarantees the right of an accused "to be confronted with the witnesses against him." U.S. Const.
amend. VI. The primary interest secured by the Confrontation Clause is the right of cross-examination. Shelby v. State, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991). A defendant is entitled
to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias, or interest
for the witness to testify. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). A
defendant is entitled to elicit any fact from a witness intended to demonstrate that witness's
vulnerable relationship with the State. Id. at 500. Because a witness's deferred adjudication
probation status is sufficient to show a bias or interest in helping the State, a defendant is permitted
to cross-examine a State's witness on the status of his deferred adjudication probation. Maxwell v.
State, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001). 

 We find, therefore, that the trial court erred in not permitting Appellant to cross-examine
Johnson regarding his deferred adjudication probation status. Where the trial court has refused to
allow such cross-examination, the error is subject to a harm analysis. Id. We must review the record
to determine whether the error contributed to the conviction or punishment. See Tex. R. App. P.
44.2(a). The Supreme Court has established a three-prong analysis for application to violations of
the Confrontation Clause. Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438, 89
L. Ed. 2d 674 (1986); Shelby, 819 S.W.2d at 547. First, we assume that the damaging potential of
the cross-examination was fully realized. Van Arsdall, 475 U.S. at 684, 106 S. Ct. at 1438. Second,
with that assumption in mind, we review the error in connection with the following factors: the
importance of the witness's testimony in the prosecution's case, whether the testimony was
cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the
witness on material points, the extent of cross-examination otherwise permitted, and the overall
strength of the prosecution's case. Van Arsdall, 475 U.S. at 684, 106 S. Ct. at 1438; Shelby, 819
S.W.2d at 547. Finally, in light of the first two prongs, the reviewing court must determine if the
error was harmless beyond a reasonable doubt. Van Arsdall, 475 U.S. at 684; 106 S. Ct. at 1438;
Shelby, 819 S.W.2d at 547.

 Pursuant to this analysis, we must assume the jury was fully informed of the charge of
possession of cocaine against Johnson, his guilty plea, and the fact that he was on deferred
adjudication probation at the time he testified against Appellant. The damaging potential of
Johnson's deferred adjudication status was the possibility that he would testify falsely against
Appellant in order to receive special consideration with respect to the possession case against him. 
Next, we apply the five factors listed above, reviewing the entire record.

 While hiding from an intruder in her home, Mrs. May heard sounds clearly indicating that
the intruder was rummaging through the Mays' belongings. Upon seeing the intruder's face, Mrs.
May immediately recognized Appellant and ordered her out of her house at gunpoint. Mrs. May later
noticed that her purse and computer bag had been placed on the floor near the window through
which Appellant entered and exited the home. Law enforcement officers detained Appellant before
she could leave the premises. Accordingly, as the complainant had caught Appellant in the act of
burglarizing her home, confronted her, and positively identified her, the State's case was very strong. 
 In contrast, Johnson testified that his girlfriend had introduced him to Appellant the night
before and his girlfriend asked him to help Appellant because she was homeless and needed
transportation to various locations to pick up money. In addition to taking her to a lawyer's office
and to Cook's house the night before, on the day of the offense he drove her to the Mays' residence. 
He stayed in the car, believing that she was picking up money from a friend. He was unable to see
Appellant enter the Mays' house. Johnson's testimony added no facts necessary to the State's case
as his testimony did not go to the elements of the offense. Accordingly, Johnson's testimony was
not important to the State's case which was very strong without his testimony. 

 Johnson's testimony that he drove Appellant to the Mays' house and that he stayed in the car
while Appellant was in the house is cumulative of other evidence. Appellant included in her
statement to law enforcement that Johnson had driven her to the Mays' house. Melinda May
testified that Appellant arrived in a blue vehicle driven by a man she did not know, who was later
identified as Johnson. She also testified that he was in the car when she saw him, after chasing
Appellant out of her house.

 An arguably material point covered by Johnson's testimony is that he drove Appellant to the
Mays' house. This was corroborated by Appellant's statement, Melinda May's testimony, and the
testimony of the first officers to arrive at the scene who saw Johnson driving down the driveway,
attempting to leave the residence. In her statement, Appellant corroborated the fact that Johnson sat
in the car and did not enter the house. The only arguably contradictory evidence presented by
Johnson involves Appellant's state of mind. Appellant explained in her statement that she was
scared of certain individuals and she was trying to get away from them. Johnson testified that she
never appeared scared to him. With that possible exception, no evidence contradicted Johnson's
testimony, regardless of whether it was material. Further, although Appellant was not allowed to
question Johnson regarding his probationary status, she was permitted to fully cross-examine
Johnson regarding the time he spent with Appellant and his perceptions of her.

 Finally, in light of the other factors, we look to whether the trial court's error was harmless
beyond a reasonable doubt. Shelby, 819 S.W.2d at 547. Johnson did not provide any testimony that
established an element of the offense. The jury could have convicted Appellant based on Melinda
May's testimony alone. The record presents no evidence of any actual bias by Johnson against
Appellant. We conclude, beyond a reasonable doubt, that the trial court's exclusion of testimony
regarding Johnson's deferred adjudication status, although error, did not contribute to Appellant's
conviction or punishment, and was therefore harmless. See Tex. R. App. P. 44.2(a). We overrule
Appellant's sole issue.

 We affirm the trial court's judgment.


Opinion delivered May 22, 2002.

Panel consisted of Worthen, J., and Griffith, J.






























(DO NOT PUBLISH)